```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

JOHNSON TIRE & SERVICE CORPORATION  :    BK No. 10-11575
            Debtor                           Chapter 7

- - - - - - - - - - - - - - - - - -x
```

## ORDER

Heard on the United States Trustee's ("UST") Objections to: (1) the Interim Application for Compensation by Keven A. McKenna, Esq. ("McKenna"), filed on behalf of Keven A. McKenna, P.C. ("McKenna, P.C.") attorney for the Debtor, and (2) McKenna's Motion to Reconsider this Court's Order entered on January 19, 2011, ordering him to disgorge a pre-petition retainer received from the Debtor.

McKenna, P.C. is, itself, a Chapter 11 Debtor in this Court, BK No. 10-10256, and on November 18, 2010, a Trustee was appointed in that case. Because the Chapter 11 Trustee, for nearly all purposes, represents the estate of the Debtor, we waited with some interest to hear what the always resourceful Mr. McKenna would have to say in support of his application. However, McKenna failed to present any comprehensible, rational, or relevant argument as to how he could possibly represent McKenna, P.C., without the consent and/or request of the Chapter 11 case Trustee. Therefore, the Application for Compensation must be and is **STRICKEN**, as unauthorized. Cf. 11 U.S.C. § 327(a)("the trustee, WITH COURT

BK No. 10-11575

APPROVAL, may employ one or more attorneys...that are disinterested persons, TO REPRESENT OR ASSIST THE TRUSTEE")(emphasis supplied). Here, even if one were in a position to address the issue, there is no scenario or circumstance under which Mr. McKenna now could reasonably be considered a disinterested person in this case.

McKenna's Motion to Reconsider, filed on January 2, 2011 [Doc. No. 245], more than two weeks before this Court's January 19, 2011, Order, is also **DENIED.**  As the United States Trustee correctly points out, the issues raised by Mr. McKenna and the factual arguments, made without reference to or supported by any part of the record, are merely a rehash of his quarrel with the January 2011, Order.[1]  In fact, Mr. McKenna's argument, involving exactly the same issues, was throughly aired during a two day hearing on December 21 and 22, 2010, and nothing new has transpired or been learned regarding the February 9, 2011 hearing.  "To succeed on a motion to reconsider, the Court requires that the moving party show newly discovered evidence or a manifest error of fact or law." *In re Wedgestone Financial*, 142 B.R. 7,8 (Bankr. D. Mass. 1992)

---

[1] McKenna filed a Notice of Appeal [Doc. No. 267] of the Order on February 3, 2011.  The Bankruptcy Appellate Panel for the First Circuit dismissed the appeal on March 3, 2011, based on the appellant's failure to comply with the BAP's Conditional Order of Dismissal entered on February 23, 2011, for failure to file Statement of Issues & Designation of Record.

BK No. 10-11575

(citations omitted).  McKenna has shown neither.  Accordingly, both Motions are **DENIED**.

Entered as an Order of this Court.

Dated at Providence, Rhode Island, this    17th    day of March, 2011.

_Arthur N. Votolato_
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 3/17/11